MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
NOE EULOGIO, *individually and on behalf of others similarly situated,*

                        *Plaintiff,*

     -against-

M CULINARY CONCEPTS, INC. (D/B/A BITE), NOVEL FOODS INC. (D/B/A BITE), A.M. CATERING SOLUTIONS, INC. (D/B/A BITE), and AMICHAI MELAMED (A.K.A. AMI MELAMED),

                        *Defendants.*
-------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

       Plaintiff Noe Eulogio ("Plaintiff Eulogio" or "Mr. Eulogio"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against M Culinary Concepts, Inc. (d/b/a Bite), Novel Foods Inc. (d/b/a Bite), A.M. Catering Solutions, Inc. (d/b/a Bite), ("Defendant Corporations") and Amichai Melamed (a.k.a. Ami Melamed), ("Individual Defendant"), (collectively, "Defendants"), alleges as follows:

**NATURE OF ACTION**

    1.    Plaintiff Eulogio is a former employee of Defendants M Culinary Concepts, Inc. (d/b/a Bite), Novel Foods Inc. (d/b/a Bite), A.M. Catering Solutions, Inc. (d/b/a Bite), and Amichai Melamed (a.k.a. Ami Melamed).

    2.    Defendants own, operate, or control Middle Eastern & Mediterranean restaurant, located at 62 West 22nd Street, New York, New York 10010 under the name "Bite."

3.     Upon information and belief, individual Defendant Amichai Melamed (a.k.a. Ami Melamed), serve or served as owner, manager, principal, or agent of Defendant Corporations and, through these corporate entities, operates or operated the restaurant as a joint or unified enterprise.

4.     Plaintiff Eulogio was an employee of Defendants.

5.     Plaintiff Eulogio was employed as a delivery worker and a cook at the restaurant located at 62 West 22nd Street, New York, New York 10010.

6.     At all times relevant to this Complaint, Plaintiff Eulogio worked for Defendants in excess of 40 hours per week, without appropriate overtime and spread of hour's compensation for the hours that he worked.

7.     Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiff Eulogio appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8.     Further, Defendants failed to pay Plaintiff Eulogio the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

9.     In addition, Defendants maintained a policy and practice of unlawfully appropriating Plaintiff Eulogio's and other tipped employees' tips and made unlawful deductions from Plaintiff Eulogio's and other tipped employees' wages.

10.    Defendants' conduct extended beyond Plaintiff Eulogio to all other similarly situated employees.

11.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Eulogio and other employees to work in excess of forty (40) hours per week without providing the overtime compensation required by federal and state law and regulations.

12.    Plaintiff Eulogio now brings this action on behalf of himself, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §

201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs. Plaintiff Eulogio seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13.   This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Eulogio's state law claims under 28 U.S.C. § 1367(a).

14.   Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a Middle Eastern & Mediterranean restaurant located in this district. Further, Plaintiff Eulogio was employed by Defendants in this district.

## PARTIES
*Plaintiff*

15.   Plaintiff Noe Eulogio ("Plaintiff Eulogio" or "Mr. Eulogio") is an adult individual residing in Bronx County, New York.

16.   Plaintiff Eulogio was employed by Defendants at Bite from approximately November 2016 until on or about January 22, 2018.

17.   Plaintiff Eulogio consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

18. At all relevant times, Defendants owned, operated, or controlled a Middle Eastern & Mediterranean restaurant, located at 62 West 22nd Street, New York, New York 10010 under the name "Bite."

19. Upon information and belief, M Culinary Concepts, Inc. (d/b/a Bite) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 62 West 22nd Street, New York, New York 10010 and its process address at 203 Chrystie Street, New York, New York 10002.

20. Upon information and belief, Novel Foods Inc. (d/b/a Bite) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 62 West 22nd Street, New York, New York 10010 and its process address at 337 Lafayette Street, New York, New York 10012.

21. Upon information and belief, A.M. Catering Solutions, Inc. (d/b/a Bite) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 62 West 22nd Street, New York, New York 10010 and its process address at 15 Stanton Street, New York, New York 10002.

22. Defendant Amichai Melamed (a.k.a. Ami Melamed) is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Amichai Melamed (a.k.a. Ami Melamed) is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Amichai Melamed (a.k.a. Ami Melamed) possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Eulogio, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## **FACTUAL ALLEGATIONS**

*Defendants Constitute Joint Employers*

23. Defendants operate a Middle Eastern & Mediterranean restaurant located in the Midtown section of Manhattan in New York City.

24. Individual Defendant, Amichai Melamed (a.k.a. Ami Melamed), possesses operational control over Defendant Corporations, possesses ownership interests in Defendant Corporations, and controls significant functions of Defendant Corporations.

25. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

26. Each Defendant possessed substantial control over Plaintiff Eulogio's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Eulogio, and all similarly situated individuals, referred to herein.

27. Defendants jointly employed Plaintiff Eulogio (and all similarly situated employees) and are Plaintiff Eulogio's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

28. In the alternative, Defendants constitute a single employer of Plaintiff Eulogio and/or similarly situated individuals.

29. Upon information and belief, Individual Defendant, Amichai Melamed (a.k.a. Ami Melamed) operates Defendant Corporations as either an alter ego of himself and/or fails to operate Defendant Corporations as entities legally separate and apart from himself, by among other things:

> a) failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

    b) defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

    c) transferring assets and debts freely as between all Defendants,

    d) operating Defendant Corporations for his own benefit as the sole or majority shareholder,

    e) operating Defendant Corporations for his own benefit and maintaining control over these corporations as closed Corporations,

    f) intermingling assets and debts of his own with Defendant Corporations,

    g) diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect his own interests, and

    h) Other actions evincing a failure to adhere to the corporate form.

30. At all relevant times, Defendants were Plaintiff Eulogio's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Eulogio, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Eulogio's services.

31. In each year from, 2016 to 2018, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

32. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

33. Plaintiff Eulogio is a former employee of Defendants who was employed as a delivery worker and a cook.

34. Plaintiff Eulogio seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Noe Eulogio*

35. Plaintiff Eulogio was employed by Defendants from approximately November 2016 until on or about January 22, 2018.

36. Defendants employed Plaintiff Eulogio as a delivery worker and a cook.

37. Plaintiff Eulogio regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

38. Plaintiff Eulogio's work duties required neither discretion nor independent judgment.

39. Throughout his employment with Defendants, Plaintiff Eulogio regularly worked in excess of 40 hours per week.

40. From approximately November 2016 until on or about August 18, 2017, Plaintiff Eulogio worked as a delivery worker and a cook from approximately 6:00 a.m. until on or about 4:00 p.m., Mondays and Tuesdays, from approximately 6:00 a.m. until on or about 4:30 p.m. to 5:00 p.m., Wednesdays, Thursdays and Fridays, and from approximately 10:00 a.m. until on or about 11:00 p.m., two Saturdays a month (typically 51.5 to 65.25 hours per week).

41. From approximately August 18, 2017 until on or about January 22, 2018, Plaintiff Eulogio worked as a cook from approximately 6:30 a.m. until on or about 4:30 p.m. or 5:00 p.m., Mondays through Thursdays and from approximately 6:30 a.m. until on or about 6:00 p.m., on Fridays (typically 51.5 to 53.5 hours per week).

42. Throughout his employment, Defendants paid Plaintiff Eulogio his wages in cash.

43. From approximately November 2016 until on or about December 2016, Defendants paid Plaintiff Eulogio $10.00 per hour for all his hours worked.

44. From approximately January 2017 until on or about August 17, 2017, Defendants paid Plaintiff Eulogio $11.00 per hour for all his hours worked.

45. From approximately August 18, 2017 until on or about January 22, 2018, Defendants paid Plaintiff Eulogio $12.00 per hour for all his hours worked.

46. Plaintiff Eulogio's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

47. For example, Defendants required Plaintiff Eulogio to work an additional 30 minutes to 1 hour past his scheduled departure time two or three days a week, and did not pay him for the additional time he worked.

48. Defendants never granted Plaintiff Eulogio any breaks or meal periods of any kind.

49.

50. Defendants never notified Plaintiff Eulogio that his tips were being included as an offset for wages.

51. Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Eulogio's wages.

52. Defendants withheld a portion of Plaintiff Eulogio's tips; specifically, Defendants pocketed a portion of all the tips and were divided between the cook and other employees.

53. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Eulogio regarding overtime and wages under the FLSA and NYLL.

54. Defendants did not provide Plaintiff Eulogio an accurate statement of wages, as required by NYLL 195(3).

55. Defendants did not give any notice to Plaintiff Eulogio, in English and in Spanish (Plaintiff Eulogio's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

56. Defendants required Plaintiff Eulogio to purchase "tools of the trade" with his own funds—including a bicycle, a pair of boots, a rain coat, pants, a helmet, lights, bicycle maintenance and a vest.

*Defendants' General Employment Practices*

57. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Eulogio (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate spread of hours pay and overtime compensation as required by federal and state laws.

58. Plaintiff Eulogio was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

59. Defendants habitually required Plaintiff Eulogio to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

60. Defendants failed to inform Plaintiff Eulogio who received tips that Defendants intended to take a deduction against Plaintiff Eulogio's earned wages for tip income, as required by the NYLL before any deduction may be taken.

61. Defendants failed to maintain a record of tips earned by Plaintiff Eulogio who worked as a delivery worker and a cook for the tips he received.

62. As part of its regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff Eulogio who received tips, by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL.

63. This policy and pattern or practice included depriving Plaintiff Eulogio, a delivery worker and a cook, of a portion of the tips earned during the course of employment.

64. Defendants unlawfully misappropriated charges purported to be gratuities received by Plaintiff Eulogio, and other tipped employees, in violation of New York Labor Law § 196-d (2007).

65. Plaintiff Eulogio was paid his wages in cash.

66. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

67. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Eulogio (and similarly situated individuals) worked, and to avoid paying Plaintiff Eulogio properly for his full hours worked.

68. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

69. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Eulogio and other similarly situated former workers.

70. Defendants failed to provide Plaintiff Eulogio and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

71.     Defendants failed to provide Plaintiff Eulogio and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

72.     Plaintiff Eulogio brings his FLSA overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

73.     At all relevant times, Plaintiff Eulogio and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA.

74.     The claims of Plaintiff Eulogio stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

75.     Plaintiff Eulogio repeats and realleges all paragraphs above as though fully set forth herein.

76. Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Eulogio (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

77. Defendants' failure to pay Plaintiff Eulogio (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

78. Plaintiff Eulogio (and the FLSA Class members), were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE OVERTIME PROVISIONS
## OF THE NEW YORK STATE LABOR LAW

79. Plaintiff Eulogio repeats and realleges all paragraphs above as though fully set forth herein.

80. Defendants, in violation of N.Y. Lab. Law § 190 *et seq.*, and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Eulogio overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

81. Defendants' failure to pay Plaintiff Eulogio overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

82. Plaintiff Eulogio was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
## (VIOLATION OF THE SPREAD OF HOURS WAGE ORDER
## OF THE NEW YORK COMMISSIONER OF LABOR)

83. Plaintiff Eulogio repeats and realleges all paragraphs above as though fully set forth herein.

84. Defendants failed to pay Plaintiff Eulogio one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Eulogio's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq.* and 12 N.Y.C.R.R. §§ 146-1.6.

85. Defendants' failure to pay Plaintiff Eulogio an additional hour's pay for each day Plaintiff Eulogio's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

86. Plaintiff Eulogio was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### (VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW)

87. Plaintiff Eulogio repeats and realleges all paragraphs above as though fully set forth herein.

88. Defendants failed to provide Plaintiff Eulogio with a written notice, in English and in Spanish (Plaintiff Eulogio's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

89. Defendants are liable to Plaintiff Eulogio in the amount of $5,000, together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION
### (VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW)

90. Plaintiff Eulogio repeats and realleges all paragraphs above as though fully set forth herein.

91.     With each payment of wages, Defendants failed to provide Plaintiff Eulogio with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

92.     Defendants are liable to Plaintiff Eulogio in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION
### (RECOVERY OF EQUIPMENT COSTS)

93.     Plaintiff Eulogio repeats and realleges all paragraphs above as though fully set forth herein.

94.     Defendants required Plaintiff Eulogio to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his jobs, further reducing his wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

95.     Plaintiff Eulogio was damaged in an amount to be determined at trial.

## SEVENTH CAUSE OF ACTION
### (UNLAWFUL DEDUCTIONS FROM TIPS IN VIOLATION OF THE NEW YORK LABOR LAW)

96.     Plaintiff Eulogio repeats and realleges all paragraphs above as though fully set forth herein.

97.     At all relevant times, Defendants were Plaintiff Eulogio's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

98. New York State Labor Law § 196-d prohibits any employer or his agents, including owners and managers, from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity, or any charge purported to be a gratuity, for an employee.

99. Defendants unlawfully misappropriated a portion of Plaintiff Eulogio's tips that were received from customers.

100. Defendants knowingly and intentionally retained a portion of Plaintiff Eulogio's tips in violations of the NYLL and supporting Department of Labor Regulations.

101. Plaintiff Eulogio was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Eulogio respectfully requests that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Eulogio and the FLSA Class members;

(c) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Eulogio's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d) Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Eulogio and the FLSA Class members;

(e)     Awarding Plaintiff Eulogio and the FLSA Class members damages for the amount of unpaid overtime compensation and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f)     Awarding Plaintiff Eulogio and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Eulogio;

(h)     Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiff Eulogio;

(i)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Eulogio's compensation, hours, wages and any deductions or credits taken against wages;

(j)     Awarding Plaintiff Eulogio damages for the amount of unpaid overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(k)     Awarding Plaintiff Eulogio damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(l)     Awarding Plaintiff Eulogio liquidated damages in an amount equal to one hundred percent (100%) of the total amount of overtime compensation and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(m)     Awarding Plaintiff Eulogio and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(n) Awarding Plaintiff Eulogio and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(o) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(p) All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Eulogio demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
January 24, 2018

                               MICHAEL FAILLACE & ASSOCIATES, P.C.

                               By:   /s/ Michael Faillace
                                               Michael Faillace [MF-8436]
                                               60 East 42nd Street, Suite 4510
                                               New York, New York 10165
                                               Telephone: (212) 317-1200
                                               Facsimile: (212) 317-1620
                                               *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.
Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510  
New York, New York 10165

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

January 23, 2018

BY HAND

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Noe Eulogio

Legal Representative / Abogado:   Michael Faillace & Associates, P.C.

Signature / Firma:                *Noe Eulogio*

Date / Fecha:                     23 de Enero del 2018

*Certified as a minority-owned business in the State of New York*