# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 East 42nd Street, Suite 4510                      Telephone: (212) 317-1200
New York, New York 10165                           Facsimile: (212) 317-1620

November 29, 2018

**VIA ECF**

Honorable Lorna G. Schofield.
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
40 Foley Square
New York, NY 10007

           **Re:**     *Eulogio, et al. v. M Culinary Concepts, Inc., et al.*;
                        18-cv-644 (LGS)

                        *Valdez Alejandro, et al. v. M Culinary Concepts, Inc., et al.*
                        18-cv-4839-LGS

Dear Judge Schofield:

       This office represents Plaintiff Noe Eulogio ("Plaintiff Eulogio") in the case captioned *Eulogio, et al. v. M. Culinary Concepts, Inc., et al.*, 18-cv-644 (hereinafter, "Bite 1") and Plaintiff Miguel Angel Valdez Alejandro ("Plaintiff Valdez," and together with Plaintiff Eulogio, "Plaintiffs") in the case captioned *Valdez Alejandro, et al. v. M Culinary Concepts, Inc., et al.*, 18-cv-4839 (hereinafter, "Bite 2," and together with Bite 1, the "Actions"). We submit this letter, together with Defendants' counsel, to respectfully request that the Court approve the settlement reached between Plaintiffs and Defendants M Culinary Concepts, Inc. (d/b/a Bite), Novel Foods Inc. (d/b/a Bite), A.M. Catering Solutions, Inc. (d/b/a Bite), Amichai Melamed (a.k.a, Ami Melamed), and Samar Sajjad (collectively, "Defendants" and together with Plaintiffs, the "Parties").

       The Parties have agreed to resolve these Actions together and on mutually acceptable terms. The Parties' agreement has been memorialized in a fully executed Settlement Agreement (the "Agreement"), a copy of which is attached hereto as **Exhibit A.** We therefore ask the Court to approve the settlement, pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015).

       The Parties represent to the Court that, as a result of the mediated settlement, they believe that the Agreement is fair, as discussed herein.

**Background**

       Plaintiffs were employed by Defendants to work at a Middle Eastern & Mediterranean restaurant located at 62 West 22nd Street, New York, New York 10010 under the name "Bite."

Hon. Lorna G. Schofield
November 29, 2018
Page 2 of 4

Plaintiff Eulogio was employed by Defendants as a delivery worker and cook from approximately November 2016 until on or about January 22, 2018.  From approximately November 2016 until on or about August 18, 2017, Plaintiff Eulogio typically worked 51.5 to 65.25 hours per week.  From approximately August 18, 2017 until on or about January 22, 2018, Plaintiff Eulogio typically worked 51.5 to 53.5 hours per week.  Throughout his entire employment, Defendants paid Plaintiff Eulogio his wages in cash.  From approximately November 2016 until on or about December 2016, Defendants paid Plaintiff Eulogio $10.00 per hour.  From approximately January 2017 until on or about August 17, 2017, Defendants paid Plaintiff Eulogio $11.00 per hour.  From approximately August 18, 2017 until on or about January 22, 2018, Defendants paid Plaintiff Eulogio $12.00 per hour for all hours worked.

Plaintiff Valdez was employed by Defendants as a delivery worker from approximately June 17, 2017 until on or about May 29, 2018.  From approximately June 17, 2017 until on or about May 29, 2018, Plaintiff Valdez typically worked 64 hours per week.  Throughout his entire employment, Defendants paid Plaintiff Valdez his wages in cash.  From approximately June 17, 2017 until on or about May 29, 2018, Defendants paid Plaintiff Valdez $11.00 per hour.

Defendants deny Plaintiffs' allegations and assert that Plaintiffs were paid in accordance with the law.  In particular, Defendants dispute (1) Plaintiffs' claims that they are owed unpaid wages at the minimum wage rate; and (2) Plaintiffs' claims regarding the number of overtime hours that they supposedly worked without compensation at the overtime rate.

The Parties thus acknowledge that they each face risks of not being able to prevail on some or all of their respective claims and/or defenses if this case were to proceed to trial.  In order to avoid the risks, expense and burdens of further litigation in establishing their respective positions, the Parties agreed to resolve and settle the case.

**Settlement**

Plaintiff Eulogio estimates that, in a best case scenario, he would be entitled to approximately $5,895.21 in minimum and overtime base wages.  Plaintiff Valdez estimates that, in a best case scenario, he would be entitled to approximately $9,660.00 in minimum and overtime base wages. Accordingly, in total, both Plaintiffs are owed a total of approximately $15,555.21 in minimum and overtime base wages (Plaintiff Eulogio is owed 37.9% of the total wages owed, and Plaintiff Valdez is owed 62.1% of the total unpaid wages owed).  However, if Defendants were to succeed in proving that Plaintiffs were paid in accordance with the law, they estimate that they would be entitled much less, if anything at all.  Defendants for their part assert that they should not be liable to Plaintiffs for any unpaid wages or penalties.  Accordingly, the Parties have agreed to resolve this action for the total sum of **$25,000.00**, which will be paid as outlined in **Exhibit A**. Sixteen Thousand Six Hundred and Sixty Six Dollars and Sixty-Seven Cents ($16,666.67) of the settlement amount will be paid to the Plaintiffs, in full satisfaction of any wages or penalties owed. Of the $16,666.67, Plaintiff Eulogio will receive $6,316.67 or 37.9% of $16,666.67, and Plaintiff Valdez will receive $10,350.00 or 62.1% of 16,666.67. The remaining Eight Thousand Three Hundred and Thirty Three Dollars and Thirty-Three Cents ($8,333.33) will be paid to Michael Faillace & Associates, P.C., as attorneys' fees and costs.

Hon. Lorna G. Schofield
November 29, 2018
Page 3 of 4

There is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (*quoting* Crabtree v. Volkert, Inc., 2013 WL 593500, at *3 (S.D. Ala. Feb. 14, 2013)). "In considering whether a settlement is fair and reasonable, the principal question is 'whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Id.* (*quoting* Le v. SITA Info. Networking Computing USA, Inc., 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008)). Courts consider factors including "(1) the Plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (*quoting* Medley v. Am. Cancer Soc., No. 10-cv-3214 (BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).

The Agreement here is fair to the Plaintiffs. Plaintiffs have been represented by counsel throughout this lawsuit and have made an informed decision to settle the action, without incurring the costs or encumbrance of lengthy trial. The Twenty-Five Thousand Dollars ($25,000.00) that they will be receiving accounts for any alleged unpaid minimum and overtime wages that they could have potentially recovered at trial, as well as attorneys' fees. This recovery is also well over what the Plaintiffs would recover if Defendants were to successfully establish that Plaintiffs were paid in accordance with the law. Furthermore, the Agreement is the product of arm's-length bargaining between experienced counsel and there is no possibility of fraud or collusion.

Given the conflicting evidence, the quality of the evidence and counsel and the allocation of the burden of proof on Plaintiffs, the settlement represents a reasonable compromise with respect to contested issues. Further, while this action was pleaded as a collective action under the FLSA, it has not been prosecuted as such, and there has been no publicity concerning this matter; consequently, there is no prejudice to any potential class member who is not a party to the Agreement.

### **The Plaintiffs' Attorneys' Fees are Fair and Reasonable**

Under the settlement, Plaintiffs' counsel will receive $8,333.33 from the settlement fund as attorneys' fees and costs. This represents one-third of the Settlement amount, a reduction in fees from what is identified in the Plaintiffs' retainer agreements, which provides that forty percent of the Plaintiffs' recovery will be retained by the firm.

The amount provided to the Plaintiffs' counsel under the settlement is fair and reasonable as it is consistent with the range of fees typically awarded in cases in this Circuit. *See* Castaneda v. My Belly's Playlist LLC, No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *see also* Calle v. Elite Specialty Coatings Plus, Inc., 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this

Hon. Lorna G. Schofield
November 29, 2018
Page 4 of 4

Circuit"). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiffs' requested award is reasonable. *See* Alleyne v. Time Moving & Storage Inc., 264 F.R.D. 41, 60 (E.D.N.Y. 2010); *see also* McDaniel v. Cnty. of Schenectady, 595 F.3d 411, 417 (2d Cir. 2010).

Given the Plaintiffs' counsel's significant experience representing plaintiffs in New York City in wage and hour litigation, the Plaintiffs' counsel was able to obtain a favorable pre-trial result.

Attached hereto as **Exhibit B**, are the Plaintiffs' attorneys' time records. A brief biography of each attorney who performed billed work in this matter is as follows:

- Mr. Faillace is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983. From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM). Mr. Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law. He also is the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.

- Sara Isaacson is an associate at Michael Faillace & Associates, P.C. She graduated from Benjamin N. Cardozo School of Law in 2015. During law school, Ms. Isaacson worked as a law clerk at the employment firm of Virginia & Ambinder, LLP. After graduating law school, Ms. Isaacson worked at a commercial litigation firm which also specialized in the defense of wage and hour litigation. Since joining Michael Faillace & Associates, P.C. in May 2017, she has been responsible for all aspects of the firm's employment docket in federal court.

The requested attorneys' fees and costs in the Parties' settlement are reasonable under the circumstances and the Plaintiffs have agreed to these fees and costs by agreeing to the settlement amount. As a result, the fees should be approved.

**Conclusion**

Plaintiffs have been represented by counsel throughout this lawsuit, and Plaintiffs' counsel has agreed to the settlement amount based on the approval of their clients. Plaintiffs' interests have thus been adequately safeguarded.

In full consideration of the issues presented in *Cheeks,* we believe that the Parties' agreement is fair and reasonable, and that the settlement should be approved. A Stipulation of Final Dismissal will be filed for so-ordering after execution of the agreement and upon receipt of confirmation from the Court that the settlement has been approved.

Hon. Lorna G. Schofield
November 29, 2018
Page 5 of 4

       Thank you for your consideration in this matter.

                                                    Respectfully Submitted,

                                                    /s/ Michael Faillace
                                                    Michael Faillace, Esq.
                                                    Michael Faillace & Associates, P.C.
                                                    *Attorneys for Plaintiffs*

cc:      Brett Schatz, Esq. (via ECF)
          *Attorney for Defendants*